OPINION
Defendant-appellant, Kendall R. Arnold, appeals his conviction for driving under the influence. For the reasons that follow, we affirm the judgment of the trial court as modified herein.
On September 7, 1998 at approximately 12:00 A.M., Trooper Michael McManus of the Ohio State Highway Patrol saw a vehicle traveling on Interstate 75 at a high rate of speed. Appellant was driving the vehicle, which was traveling at a speed of one hundred three m.p.h. in a sixty-five m.p.h. speed zone. Appellant pulled over to the side of the road after the trooper signaled him to stop. As the trooper approached the vehicle, appellant rinsed his mouth with mouthwash. When Trooper McManus asked appellant why he had been driving so fast, appellant said that he was trying to keep up with traffic. Appellant was asked to sit in the trooper's vehicle, and at that point the trooper detected an odor of alcohol.
Trooper McManus gave appellant a horizontal gaze nystagmus ("HGN") test. Appellant told the trooper that he had glaucoma, but the trooper said that did not matter. Appellant failed the HGN test. Appellant asked the trooper questions about the test. Appellant also asked if he was being charged and whether he would be read his rights. When the trooper failed to answer these questions, appellant refused to take the one-legged stand test and the walk and turn test, and appellant told the trooper that he wanted to contact his attorney.
When questioned, appellant admitted that he had consumed a few drinks earlier in the evening. However, during the stop, Trooper McManus did not observe anything unusual about appellant's speech, appearance, or sense of balance. Appellant's eyes were not glassy or red. Appellant was not belligerent. Trooper McManus observed nothing unusual about appellant's driving except for the excessive rate of speed.
Based upon appellant's performance on the HGN test, his refusal to take any other field sobriety test, the odor of alcohol, and the excessive speeding, the trooper formed the opinion that appellant had been driving under the influence of alcohol. Trooper McManus arrested appellant and brought him to the station, where he was read his constitutional rights. Appellant refused to sign a document stating that his rights had been read to him and that they were understood. Appellant also refused to take a breath-alcohol test.
Appellant was charged with speeding and driving under the influence. Appellant entered a no contest plea to the speeding violation and a plea of not guilty to driving under the influence. Appellant's counsel did not file a motion to suppress. At a bench trial, appellant's counsel presented a Crim.R. 29(A) motion at the close of the prosecution's case in chief and at the close of the evidence. The trial court overruled both of these motions, and appellant was convicted of driving under the influence at the conclusion of the bench trial. Appellant was also found guilty of speeding. Appellant filed this appeal contesting his conviction for driving under the influence and has raised four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN CONSIDERING DEFENDANT-APPELLANT'S REFUSAL TO SUBMIT TO FIELD SOBRIETY TESTS AS INDICIA OF CONSCIOUSNESS OF GUILT AGAINST THE DEFENDANT-APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL PRIVLEGE AGAINST SELF-INCRIMINATION, HIS RIGHT TO COUNSEL, AND HIS RIGHT TO DUE PROCESS[.]
In his first assignment of error, appellant asserts that his refusal to submit to field sobriety tests should not have been considered by the trial court when finding him guilty of driving under the influence. In this case, appellant performed the HGN test but then refused to take two other field sobriety tests. At the conclusion of appellant's trial, the trial court judge stated that one of the things he considered was the fact that appellant refused to submit to two of the field sobriety tests; then, the trial court judge found appellant guilty. Appellant submits that the trial court's consideration of his refusal to perform two field sobriety tests violated his constitutional privilege against self-incrimination, his right to counsel, and his right to due process.
There is no violation of the constitutional prohibition against self-incrimination contained in the Fifth Amendment as a result of the police requesting a blood test upon arrest for driving while under the influence of alcohol. Schmerber v.California (1966), 384 U.S. 757, 765. Consequentially, a defendant has no Fifth Amendment constitutional right to consult with an attorney before deciding whether to take a test for blood-alcohol content. Dobbins v. Ohio Bureau of Motor Vehicles
(1996), 75 Ohio St.3d 533, 537, citing McNulty v. Curry (1975),42 Ohio St.2d 341, 344-345.
The United States Supreme Court has held that the Sixth Amendment right to counsel applies to "critical stages" of criminal proceedings. United States v. Gouveia (1984),467 U.S. 180, 189, 104 S.Ct. 2292, 2298; United States v. Ash (1973),413 U.S. 300, 310-311, 93 S.Ct. 2568, 2574; United States v. Wade
(1967), 388 U.S. 218, 224, 87 S.Ct. 1926, 1930. The Supreme Court of Ohio has interpreted the holding in Wade such that the Sixth Amendment does not apply to the taking of a blood test, as it is merely a preparatory step to the critical stage of prosecution.Dobbins, 75 Ohio St.3d at 537-538, citing McNulty,42 Ohio St. 2d at 334. It is not a violation of due process to use a defendant's refusal to take a blood-alcohol test as evidence of guilt, even when police did not warn the defendant that the refusal could be used against him at trial. South Dakota v. Neville (1983),459 U.S. 553, 566, 103 S.Ct. 916, 924.
Appellant argues that his case, which involves a refusal to take two field sobriety tests in addition to a breath-alcohol test, is distinguishable from the cases cited above, in which defendants have refused to take breath or blood tests. We see no reason to distinguish the two situations. Performance of a field sobriety test, like a breath or blood test, is not testimonial in nature, and therefore is not subject to the Miranda decision. Moreover, the request to submit to a field sobriety test is a preparatory step in a police investigation and therefore is not a "critical stage" that would entitle appellant to a constitutional right to counsel. Finally, appellant has failed to convince us that there was any violation of his due process rights.
The Supreme Court of Ohio has approved a jury instruction for use when a person is requested by a police officer to submit to a breath test but refuses to take the test. The instruction instructs the jury that it may consider the refusal along with all the other facts and circumstances in evidence when deciding whether the defendant was under the influence of alcohol. Maumeev. Anistik (1994), 69 Ohio St.3d 339, 344. As previously stated, we fail to recognize any substantial difference between a defendant's refusal to submit to a breath-alcohol test and refusal to perform field sobriety tests. Therefore, the trial court did not err by considering appellant's refusal to take field sobriety tests when determining appellant's guilt. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL AT THE END OF THE STATE'S CASE IN CHIEF.
In his second assignment of error, appellant argues that it was error for the trial court to overrule his motions for acquittal. Crim.R. 29(A) provides in part that "the court on motion of the defendant, or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court's review of a ruling on a Crim.R. 29(A) motion must evaluate the sufficiency of the evidence, construing the evidence in a light most favorable to the state. State v. Dunaway (Feb. 18, 1997), Butler App. No. CA96-08-152, unreported, at 3, citing State v.Jenks (1991), 61 Ohio St.3d 259, 273. The appellate court must examine the evidence to determine "whether such evidence, if believed, is sufficient for a reasonable mind to conclude that all elements of the crime have been proven beyond a reasonable doubt."Id. at 8, citing Jenks at 273.
Appellant was charged with driving under the influence, a violation of R.C. 4511.19(A)(1). This statutory section provides that "[n]o person shall operate any vehicle * * * within this state, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." R.C. 4511.19(A)(1).
At the end of the prosecutor's case in chief, there was sufficient evidence so that a reasonable mind could conclude beyond a reasonable doubt that appellant had driven while under the influence. Appellant had driven at an excessive speed of nearly forty m.p.h. over the posted speed limit. Appellant had rinsed with mouthwash as the trooper approached his car. When asked why he had been driving so fast, appellant replied that he was "trying to keep up with the traffic," although the traffic stop occurred at midnight and traffic was light. The trooper detected an odor of alcohol about appellant, and appellant admitted that he had consumed a few drinks earlier in the night. Appellant failed the HGN test and refused to take other field sobriety tests or a breath-alcohol test. Reviewing this evidence, we find that the trial court did not commit error when it overruled appellant's Crim.R. 29(A) motions at the end of the prosecution's case in chief and at the conclusion of the evidence. The second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FINIDNG THE DEFENDANT-APPELLANT GUILTY OF DRIVING UNDER THE INFLUENCE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE ADDUCED AT TRIAL.
Appellant argues in his third assignment of error that the trial court's adjudication of guilty was against the manifest weight of the evidence. To determine whether a verdict is against the manifest weight of the evidence, an appellate court must undertake an independent review of the record. State v. Thompkins
(1997), 78 Ohio St.3d 380. In making its analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. An appellate court reviewing a criminal bench trial will not reverse a conviction "where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988),38 Ohio St.3d 56, 59, citing State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
Upon reviewing the entire record and evaluating the cumulative weight of the evidence, we find that appellant's conviction is not against the manifest weight of the evidence. Therefore, we overrule the third assignment of error.
Assignment of Error No. 4:
 THE DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO COUNSEL.
Although the fourth assignment of error states that appellant was "denied his right to counsel," appellant was represented by counsel in this case. In this assignment of error, appellant is really arguing that he was denied his right to effective assistance of counsel.
To demonstrate a claim of ineffective assistance of counsel, a defendant must first show that under the circumstances counsel's representation did not meet the objective standard of reasonable competence. Second, a defendant must show that he was prejudiced at trial as a result of this deficiency. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064; State v. Mills
(1992), 62 Ohio St.3d 357, 370. Only if the defendant demonstrates that there is a reasonable possibility that, but for the unprofessional errors, the result of the proceedings against defendant would have been more favorable, will a reviewing court find prejudice. This probability must be sufficient to undermine confidence in the case's outcome. State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus.
The effectiveness of counsel must be reviewed in light of the evidence against the defendant, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065;State v. Lytle (1976), 48 Ohio St.2d 391, 397, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135. The appellate court must not second-guess trial counsel's strategic decisions.State v. Carter (1995), 72 Ohio St.3d 545, 558.
Appellant argues that he received ineffective assistance of counsel when his attorney failed to file a motion to suppress appellant's refusals to take sobriety tests and the results of the failed HGN test. As previously discussed in the first assignment of error, appellant's constitutional rights were not violated when the trial court considered appellant's refusal to submit to field sobriety tests as indicia of appellant's guilt. However, in this assignment of error appellant also asserts that appellant's counsel should have filed a motion to suppress appellant's refusal to take a breath-alcohol test.
A defendant who is arrested, detained, or in custody of the police is provided a statutory right to counsel under R.C.2935.20.[1] Appellant's rights under R.C. 2935.20 may have been violated if appellant asserted his right to counsel after being taken into police custody and before refusing to take the breath-alcohol test. However, the evidence does not clearly demonstrate that appellant did so.[2] Even if appellant's statutory right to counsel was violated, appellant's refusal to perform the breath-alcohol test is not suppressible evidence. The exclusionary rule is not applicable as a sanction for a violation of R.C. 2935.20. City of Fairborn v. Mattachione (1995), 72 Ohio St.3d 345,346.
Appellant also argues that because he suffered from glaucoma, his attorney should have moved to suppress the results of the HGN test. At trial, appellant was never asked whether he actually suffered from glaucoma. There is no evidence in the record indicating that appellant has glaucoma other than an inference arising from the fact that he told the trooper that he suffered from this impairment. Also, there is no evidence in the record that demonstrates that even if appellant did suffer from glaucoma, this condition would invalidate the result of the HGN test. We find that the two-part test established by Strickland has not been met and appellant did receive effective assistance of counsel. Therefore, the fourth assignment of error is overruled.
From reviewing the record of this case, this court has discovered that the judgment entry states that appellant was found guilty of "R.C. 4511.19C2." This appears to be a clerical error, as no such section exists in the Ohio Revised Code. The trial court intended to find appellant guilty of R.C. 4511.19(A)(1). The trooper's ticket, which served as the charging instrument in this case, cited appellant for a violation of R.C. 4511.19(A)(1). This court hereby modifies the judgment entry of the trial court to reflect that appellant has been convicted of 4511.19(A)(1). See App. R. 12(B) and Crim.R. 36.
Judgment affirmed as modified.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2935.20 states the following:
 After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section.
[2] On direct examination, appellant testified that at the patrol post he chose not to sign a waiver of his rights or take a breath-alcohol test because he "still didn't quite have a good understanding and I wanted to know if I could speak to a lawyer so at that time I didn't want to sign anything or do anything." However, there is no clear indication on the record that appellant actually asked to consult an attorney at the patrol post. When asked why appellant refused to take a breath-alcohol test, the trooper stated the he could not recall if appellant had given any reason for refusing to take the test.