OPINION
On May 24, 2000, appellant, Larry Dean, was charged with speeding, in violation of R.C. 4511.21(C), and driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1). Upon request to submit to roadside sobriety tests, appellant refused and requested the opportunity to first speak with his attorney. Appellant was arrested, handcuffed, and transported to the Highway Patrol station.
At the station, Officer Clark advised appellant of the consequences of submitting or refusing to submit to a breathalyzer test. Appellant again refused to submit to a test until he had the opportunity to consult with counsel. At that time, arresting Officer Clark dialed the business phone number for appellant's attorney, David Benjamin ("Benjamin"), gave appellant the phone, and appellant left a message on Benjamin's answering machine, at approximately 12:30 a.m. Subsequently and while handcuffed, appellant was provided with a phone book and permitted to call whomever he wished, but stated that he didn't want to call anyone else.
After waiting twenty minutes for Benjamin to return appellant's phone message, Officer Clark again asked appellant to submit to a breathalyzer test. Appellant refused pending consultation with counsel. Officer Clark testified that appellant was provided with another opportunity to call an attorney, but stated that he did not wish to do so. Subsequently, an Administrative License Suspension ("ALS") form was completed indicating that appellant had refused to submit to a breath test. As a result, appellant's license was administratively suspended pursuant to R.C. 4511.191, Ohio's "implied consent" statute. Appellant contested the ALS. On August 23, 2000 the trial court denied appellant's appeal of the ALS for failure to show error.
Appellant presents one assignment of error from this judgment. He argues that he was denied his right to counsel prior to determining whether to take a BAC test. Appellant contends that, when a defendant makes a good faith request to contact counsel prior to submitting to a BAC test, he cannot be deemed to have refused to submit, pursuant to R.C. 4511.191. In the alternative, appellant argues that the tactic of leaving a defendant handcuffed the entire time he is at the station falls within the purview of the `shock the conscience' test described inSchmerber v. California (1966), 384 U.S. 757. Appellee contends that, for the purposes of R.C. 4511.191, refusing to submit to a chemical test to determine the alcohol or drug content of one's blood, breath, or urine, contingent on speaking with counsel, constitutes a refusal which invokes a mandatory ALS.
At the outset, we note that the right to counsel associated with the protection against self-incrimination, as guaranteed by the Fifth andSixth Amendments to the United States Constitution, does not apply to the stage at which an officer requests a chemical test for alcohol content.Dobbins v. Ohio Bureau of Motor Vehicles (1996), 75 Ohio St.3d 533, 537. Since appellant has no constitutional right to counsel, we will next address the issue of whether appellant had a statutory right to counsel pursuant to R.C. 2935.20[1].
The Supreme Court of Ohio has held that: "[I]n the absence of any constitutional violations, when the police violate the statutory right to counsel contained in R.C. 2935.20, and the arrestee refuses to submit to the blood-alcohol content test until she effectively speaks with her attorney, the arrestee remains subject to license suspension. By refusing to submit to the test contingent on receiving the advice of counsel, the arrestee has, for the purposes of the implied consent statute, R.C. 4511.191, `refused' to take the chemical alcohol test."Dobbins, 75 Ohio St.3d 533 , at paragraph two of the syllabus. The requirement of submitting to the test for blood alcohol content, or accepting an administrative license suspension pursuant to R.C.4511.191, is not affected by an arrestee's request for an attorney. Dobbins,75 Ohio St.3d 533, 539. Additionally, an arrestee refuses to take such a test, where the law enforcement officers have complied with R.C. 2935.20
and the accused continues to withhold his consent. McNulty v. Curry
(1975), 42 Ohio St.2d 341, at paragraph three of the syllabus. Thus, we conclude that regardless of whether the law enforcement officers complied with R.C. 2935.20, a refusal to submit to blood alcohol testing contingent upon consulting with counsel constitutes a refusal under Ohio's implied consent statute, R.C. 4511.191.
Upon review of the record, we conclude that no constitutional violations occurred. Additionally, because the Supreme Court of Ohio has held that refusing to submit to blood alcohol content testing contingent upon receiving the advice of counsel constitutes a refusal for purposes of R.C. 4511.191, we do not need to determine whether Officer Clark complied with R.C. 2935.20. However, we note that appellant was provided the opportunity to contact counsel, left a message, and declined further opportunities to consult with an attorney.
We cannot conclude that, under the circumstances of this case, the decision to leave appellant handcuffed while at the station was a tactic that `shocks the conscience,' as argued by appellant. In McNulty,supra, the Ohio Supreme court stated that a DUI arrestee does not have a constitutional right to refuse to take a blood alcohol content test, thus, his constitutional right to counsel has no application. McNulty,supra at 344-345, citing Schmerber, supra at 766. While Officer Clark admitted that the handcuffs prohibited appellant from using the phone book, she obtained the phone number of appellant's counsel, dialed it, and gave appellant the phone. Thus, appellant cannot argue that he was unable to call his attorney when he did, in fact, leave a message on his attorney's answering machine and stated that he did not wish to call another attorney. And, as discussed supra, an arrestee does not have a constitutional right to counsel to assist him in determining whether to submit to blood alcohol testing.
For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
 _______________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., GRENDELL, J., concur.
[1] R.C. 2935.20 provides, in relevant part, that:
 "After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section."