OPINION
{¶ 1} Defendant-appellant Corey M. Whitaker appeals from his conviction and sentence, following a no-contest plea, for Driving a Motor Vehicle with a Prohibited Breath Alcohol Concentration, in violation of R.C. § 4511.19(A)(3). He contends that the evidence in the record failed to support the trial court's conclusion that field sobriety tests were conducted in strict accordance with the rules and regulations of the National Highway Traffic Safety Administration, and that when the field sobriety tests are excluded from consideration, the officer lacked probable cause to arrest him for DUI. He also contends that the trial court erred in failing to suppress the results of the BAC test, because the officers did not advise him of his Miranda rights and did not follow the proper instructions when calibrating the machine.
 {¶ 2} We conclude that the record demonstrates that three of the field tests were properly conducted, and that the officers complied with applicable regulations in calibrating the machine. Furthermore, Miranda is inapplicable to BAC tests. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Early one February morning in 2002, a little after 1:00 a.m., Sergeant Michael Stitzel of the Tremont City Police Department, patrolling in a marked police cruiser, observed two vehicles approaching the intersection of Mulberry and Main Street, from south to north. Stitzel continued to observe the vehicles and noted that when the light at the intersection turned green, the first vehicle began making a right-hand turn. As the first vehicle was making its turn, the second vehicle accelerated, crossed the double yellow line into the southbound lane, went through the intersection passing the first vehicle, and then returned to its lane of travel. Stitzel then initiated a traffic stop of the second vehicle, which Whitaker was driving. Upon smelling an odor of alcohol, Stitzel asked Whitaker whether he had consumed any alcohol. Whitaker indicated that he had "had a couple of drinks earlier" at a restaurant.
 {¶ 4} Based on these facts, Stitzel suspected that Whitaker may have been impaired by alcohol. Stitzel therefore had Whitaker perform four standard field sobriety tests. In particular, Whitaker conducted a horizontal gaze nystagmus ("HGN") test, a walk-and-turn test, a one-leg-stand test and a finger-to-nose test.[1] Stitzel testified that Whitaker failed to follow instructions on the HGN test in that he failed to follow the officer's finger with his gaze. Stitzel testified that he discontinued that test after three attempts.
 {¶ 5} Stitzel also gave instructions and demonstrations to Whitaker with regard to the one-leg stand, after which Whitaker pulled his leg up underneath him, instead of putting it out in front of him, as instructed. He then counted to three, rather than to thirty, as requested, and placed his foot down. Whitaker attempted the test again, but lost his balance as he raised his foot. On the third attempt, Whitaker raised his leg, but did not count, and set the foot back down.
 {¶ 6} Whitaker was also instructed how to perform the walk-and-turn test. According to Stitzel, Whitaker failed to perform that test properly. Finally, Whitaker was given instructions and a demonstration with regard to the finger-to-nose test. After six attempts, Whitaker was unable to perform the test.
 {¶ 7} Whitaker did not succeed at any of the tests, and was arrested. Whitaker was taken to the Ohio State Patrol Post, where he took a BAC test and was determined to be over the legal limit.
 {¶ 8} Whitaker filed a motion to suppress the field sobriety tests administered by the arresting officer and to dismiss the case for lack of probable cause. Following a hearing, the trial court denied the motion to suppress and dismiss. Whitaker then entered a plea of no contest to a violation of R.C. 4511.19(A)(3), and was sentenced accordingly. From his judgment and sentence, Whitaker appeals.
 II {¶ 9} Whitaker's First Assignment of Error is as follows:
 {¶ 10} "The trial court erred in denying defendant's motion to dismiss/suppress as the state did not have probable cause for the arrest."
 {¶ 11} In this Assignment of Error, Whitaker presents two issues for our resolution. First, he contends that the trial court erred by denying his motion to suppress the field sobriety test results, because they were not administered in accordance with State v. Homan,89 Ohio St.3d 421, 2000-Ohio-212. Second, he argues that his motion to dismiss should have been sustained, because without the field sobriety test results, no probable cause existed to arrest him for driving under the influence of alcohol.
 {¶ 12} In Homan, the Ohio Supreme Court opined that the applicable standard test procedures are set forth in the DWI Detection Standardized Field Sobriety Testing Student Manual (2000), published by the National Highway Traffic Safety Administration of the United States Department of Transportation. Id. at 425-426. "In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." Homan, paragraph one of the syllabus.Homan rejected a substantial compliance standard, adopting instead a strict compliance standard for field sobriety tests, because "it is well-established that in field sobriety testing even minor deviations from the standardized procedures can severely bias the results." Id. at 426.
 {¶ 13} The trial court found that there was credible evidence that Whitaker committed a marked lane violation — a fact that Whitaker does not appear to dispute. Thus, Sergeant Stitzel had a valid reason for conducting the traffic stop. The issue in this case is whether the remainder of the events at the stop gave the officer probable cause to make an arrest for driving under the influence.
 {¶ 14} Upon making the stop and speaking to Whitaker, Stitzel noticed an odor of alcohol emanating from the vehicle and inquired whether Whitaker had consumed any alcohol. Whitaker admitted that he had "had a couple of drinks earlier" while at a local restaurant. Stitzel also noticed that Whitaker's eyes were "bloodshot and glassy." He then asked Whitaker to exit the vehicle and proceeded to administer the four field tests, none of which Whitaker completed satisfactorily.[2]
 {¶ 15} Whitaker contends that the HGN test gave no results, and thus, cannot be used as an indicator of intoxication. He also contends that Stitzel did not properly instruct him with regard to the one-leg stand. Finally, he contends that he passed the finger-to-nose test, but that even if he did not pass it, it should not be considered, because it is not supported by any scientific studies.
 {¶ 16} When reviewing a trial court's ruling on a motion to suppress, the appeals court must accept the trial court's findings of fact "if they are supported by competent, credible evidence." State v.Retherford (1994), 93 Ohio App.3d 586, 592. We have reviewed the record in this case, and we conclude that there is competent, credible evidence to support the trial court's finding of fact on this issue. First, we disagree with the statement that the HGN test yielded no probative result. The record demonstrates that Whitaker failed to follow instructions, and that his eyes did not properly follow Stitzel's lead. Second, we find no support for the claim that Stitzel did not properly instruct on the one-leg stand test. Finally, Whitaker did not pass the finger-to-nose test in any of six attempts, and he fails to provide any support for his claim that this test should not have been considered.
 {¶ 17} The record supports the trial court's decision regarding the admission of the results of the field sobriety tests, and also contains sufficient evidence to support the trial court's finding that Stitzel had probable cause to arrest Whitaker for driving while under the influence of alcohol.
 {¶ 18} It is not clear whether Whitaker is contending that the trial court erred by failing to suppress the results of his walk-and-turn test. If he is, we note that the trial court effectively suppressed that evidence when it decided to exclude those results from consideration. If, as a technical matter, the trial court failed to make an express order suppressing the walk-and-turn test result from evidence at trial, this error was harmless in view of the overwhelming other evidence, not suppressed, to support a finding of guilt on the charged offense.
 {¶ 19} Whitaker's First Assignment of Error is overruled.
 III {¶ 20} Whitaker's Second Assignment of Error is as follows:
 {¶ 21} "The trial court erred in denying defendant's motion to suppress the breath test as defendant was not given his miranda rights prior to the breath test."
 {¶ 22} Whitaker claims that Stitzel's failure to advise him of his rights, in accordance with Miranda v. Arizona (1965), 384 U.S. 436, mandates that the results of the BAC test be suppressed. Therefore, he contends that the trial court erred by failing to sustain his motion to suppress and to dismiss.
 {¶ 23} It is well established that nonverbal results of field sobriety and BAC tests are not self-incriminating testimonial statements and are not subject to exclusion as "fruit of the poisonous tree," for failure to administer any required Miranda warnings. In Schmerber v.California (1966), 384 U.S. 757, the Supreme Court of the United States held that the results of a test of a defendant's body fluids are non-testimonial, and thus, the police do not violate the Fifth Amendment prohibition against self-incrimination by requesting a blood test upon arrest for driving while under the influence of alcohol. Id. at 765 The Supreme Court of Ohio, in reliance upon Schmerber, has held that the right to counsel protected by the Fifth Amendment to the United States Constitution does not apply to an officer's request for a chemical test for alcohol content. Dobbins v. Ohio Bur. of Motor Vehicles,75 Ohio St.3d 533, 537, 1996-Ohio-454. Therefore, there is noFifth Amendment right to consult with an attorney prior to deciding whether to submit to a BAC test. Dobbins at 537.
 {¶ 24} The Second Assignment of Error is overruled.
 IV {¶ 25} The Third Assignment of Error is as follows:
 {¶ 26} "The trial court erred in denying defendant's motion to suppress the breath test as the state did not follow the proper procedure when using the calibration solution pursuant to the manufacturer's suspension guide."
 {¶ 27} Whitaker argues that the trial court should have suppressed the results of the BAC test, because the officers who calibrated the machine did not follow the manufacturer's instructions. Specifically, he contends, and the State does not deny, that the officers failed to follow the manufacturer's "Step #3," which requires that "before connecting the simulator to the [machine, the officer] blow through the in port to thoroughly mix the vapor in the space above the solution." He further argues that this failure to follow the manufacturer's instructions calls into question the reliability of the test.
 {¶ 28} We have reviewed the provisions of the Ohio Department of Health Regulations that set the standard for calibration of BAC test machines. See, Ohio Adm. Code 3701-53-04. In order to render the results of such a test admissible, the State need only show "substantial compliance" with these regulations. State v. Johnson (2000),137 Ohio App.3d 847, 851, citation omitted. Whitaker does not suggest that the regulations mandate that the officer blow through the port to mix the vapor. Thus, upon a review of the record, we conclude that the trial court correctly determined that the officers substantially complied with the applicable regulations, and the results of the test were therefore admissible. Any questions regarding whether the officers complied with the manufacturer's instructions would go to the weight to be given the test result, rather than to the admissibility of the result.
 {¶ 29} Whitaker's Third Assignment of Error is overruled.
 V {¶ 30} All of Whitaker's assignments of error having been overruled, the judgment of the trial court is affirmed.
BROGAN and YOUNG, JJ., concur.
[1] As noted below, Stitzel did not properly instruct Whitaker with regard to the walk-and-turn test. For this reason, the trial court excluded the results of this test from its consideration.
[2] Following the motion to suppress hearing, the trial court found that the walk-and-turn test had not been properly administered. That test was therefore excluded from the trial court's consideration.