The STATE of Ohio, Appellee,

v.

APPLEGARTH, Appellant.

[Cite as *State v. Applegarth* (1996), 114 Ohio App.3d 666.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 94–B–45.

Decided Oct. 23, 1996.

Cox, Judge.

This is an appeal from a decision rendered by the Belmont County Court, Eastern Division, finding defendant-appellant, Donald B. Applegarth, guilty of driving under the influence in violation of R.C. 4511.19(A)(1), along with his subsequent sentencing thereon.

On March 6, 1994, at approximately 4:07 A.M., appellant was stopped on St. Rt. 7 in Pease Township, Belmont County, Ohio, after being observed driving erratically by an Ohio State Highway Patrol officer. The officer requested that appellant perform certain field sobriety tests, which he failed. Appellant was then arrested for driving outside of marked lanes in violation of R.C. 4511.33(A) and for driving under the influence. Appellant also received an administrative license suspension pursuant to R.C. 4511.191.

Appellant pled not guilty to the charges against him and appealed the administrative license suspension. Appellant also moved to suppress evidence and to dismiss the charges. The trial court sustained the administrative license

suspension and on June 2, 1994, overruled appellant's motion. This matter then proceeded to a bench trial.

Immediately prior to trial, appellant filed a motion in limine, requesting that the trial court exclude all evidence pertaining to the administration and results of the horizontal gaze nystagmus test which was performed. The trial court sustained appellant's motion. Following the state's case in chief, appellant moved to exclude the results of his breath-alcohol test. The trial court sustained appellant's motion after consideration of the arguments of the parties.

Appellant testified that he had been to a cookout immediately prior to his arrest. Additionally, during the forty-five hours prior to his arrest, appellant stated, he had worked long hours at his accounting practice, had exercised at a local gym, had driven from Pittsburgh to Wheeling, and had only five hours of sleep. Appellant concluded that the reason he had been driving erratically was that he was falling asleep at the wheel.

The trial court found appellant guilty of driving under the influence. He was sentenced to serve ten days' incarceration, with all but three days suspended. Appellant's driver's license was suspended for six months; however, he was granted work privileges. He was also fined $300 and ordered to pay court costs.

Appellant sets forth two assignments of error on appeal.

■ Appellant's first assignment of error alleges:

"The defendant-appellant's conviction for violating Ohio Rev.Code 4511.19(A)(1) is void since prior to said conviction the defendant-appellant was punished for the same conduct arising under the Ohio Rev.Code 4511.19(A)(1) charge through the imposition of the sanctions imposed by Ohio Rev.Code 4511.191, and, therefore, the defendant-appellant's constitutional right against double jeopardy was violated."

Based upon the Ohio Supreme Court's decision in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"The Trial Court erred when it ruled that all the evidence and testimony presented to the Court proved the defendant-appellant was guilty beyond a reasonable doubt of violating Ohio Rev.Code 4511.19(A)(1)."

The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

■ A complete review of the record in the case at bar reveals that there was sufficient, competent and credible evidence to support the trial court's finding that appellant was guilty beyond a reasonable doubt of operating his motor vehicle while under the influence of alcohol. The case law cited by appellant to support the proposition that his physical condition at the time of his arrest should have been considered is distinguishable from the within case as all the cases cited by appellant involved an accident. There was no accident in the case at bar.

Furthermore, the arresting officer herein was a twenty-three-year veteran of the Ohio State Highway Patrol. He observed appellant's driving and saw him cross over the center line into the passing lane on at least three separate occasions. The arresting officer also indicated that it was quite obvious from the strong odor of alcohol on appellant's breath, his red eyes and his slurred speech that appellant was quite impaired.

Appellant's second assignment of error is found to be without merit. .

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.