OPINION
This matter presents a timely appeal from a judgment rendered by the Southwest Area County Court, Columbiana County, Ohio, finding defendant-appellant, James L. Hill, guilty of driving under the influence (DUI) and driving left-of-center, along with his subsequent sentencing thereon.
At the outset, we note that plaintiff-appellee, Village of Lisbon, has failed to file a brief in response to the arguments proposed by appellant. Pursuant to App.R. 18 (C), this court is granted authority to accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action.
On May 29, 1996, Patrolman John Hancock witnessed appellant exit the parking lot of the Ivystone Lounge and head north on South Market, in Lisbon, Columbiana County, Ohio. Appellant drew Patrolman Hancock's attention by making a wide turn onto Washington Street, driving one tire width left-of-center down the street and traveling at a speed of ten to twelve miles per hour in a thirty-five mile per hour zone. Patrolman Hancock followed appellant down Washington Street and onto Beaver Street, where appellant made another wide turn and continued to drive left-of-center. Next, appellant pulled into a vacant Amoco parking lot where he quickly turned off his vehicle and handed his wife the car keys in the belief that he could not be arrested if his wife held the keys.
Patrolman Hancock testified that when he approached the vehicle, he could smell a strong odor of alcohol on appellant. (Tr. 11). Patrolman Hancock also stated that when he asked appellant for his driver's license and proof of insurance, he observed that appellant lacked motor coordination, his speech was slurred and his eyes were blood shot. (Tr. 11). As a result of his observations, Patrolman Hancock asked appellant if he would submit to field sobriety tests. Appellant agreed, but quickly explained that he was presently taking five different medications as a result of back surgery. (Tr. 12). Appellant also stated that he used alcohol as a pain reliever. (Tr. 13). Appellant thereafter proceeded to fail the field sobriety tests which he attempted to perform in accordance with Patrolman Hancock's instructions.
Patrolman Hancock then asked appellant if he would submit to a breath test and appellant answered in the affirmative. (Tr. 15). At this point, Patrolman Hancock read appellant his Miranda
warnings and placed him in custody. (Tr. 15). On the drive to the Columbiana County Sheriff's Department, appellant stated that he wanted a blood test and Patrolman Hancock responded that he could have an additional test at his own expense after the breath test. (Tr. 16). Upon appellant's arrival at the sheriff's department, Deputy Allan Young also testified that he noticed the smell of alcohol on appellant. (Tr. 47).
Next, appellant refused to take the breath test until there was a public defender present. (Tr. 17). Patrolman Hancock testified that he informed appellant there was no public defender available, but that appellant was free to contact an attorney if he desired. Appellant did not contact an attorney, continued to refuse to take the breath test and refused to sign the refusal form. (Tr. 17). Appellant was ultimately charged with driving left-of-center and DUI, to which he pled not guilty.
A bench trial commenced on September 13, 1996 and following due consideration of the evidence and testimony offered, the trial court found appellant guilty of DUI and driving left-of-center, given the totality of the circumstances. Appellant was sentenced to serve thirty days incarceration, with all but three of those days being suspended. Appellant was ordered to attend an alternative driving program and upon successful completion of such program, appellant would be given credit for the three days incarceration. The trial court also levied fines and costs against appellant, placed him on unsupervised probation for a period of two years and suspended his driver's license for 180 days. This appeal followed.
Appellant sets forth three assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The trial court erred in finding the Defendant guilty of Driving Under the Influence where the police officer lacked an articulable suspicion to stop and detain the Defendant."
Appellant essentially argues that leaving the parking lot of a bar, driving one tire width left-of-center for the entirety of a short drive consisting of two streets, making two wide turns, and driving at or below twelve miles an hour, are insufficient observations to provide an officer with reasonable and articulable suspicion that a person is driving under the influence. Appellant relies upon a number of cases which state that a police officer does not have the requisite reasonable and articulable suspicion to detain a driver for briefly going over the center line or briefly weaving in his own lane. (See, for example, State v. Drogi (1994), 96 Ohio App.3d 466).
The applicable legal standard for determining whether a police officer was justified in making an investigatory stop is reasonable suspicion. Dayton v. Erickson (1996), 76 Ohio St.3d 3, Specifically, a police officer makes a constitutionally valid stop of a vehicle, regardless of the officer's subjective motivation for stopping the driver, if the officer has an articulable and reasonable suspicion that any criminal violation, including a minor traffic violation, has occurred. Dayton, supra.
This objective standard makes inquiry of whether the facts available to the officer and any rational inferences taken therefrom would lead a person of reasonable caution to believe that a violation is occurring and that an investigatory stop is appropriate. State v. Richardson (December 16, 1998), Mahoning App. No. 94 CA 57, unreported, citing Terry v. Ohio (1968),392 U.S. 1, 21-22.
Appellant is correct in noting it has been held that evidence of a momentary or minuscule crossing of a lane line or weaving within a lane, without more, does not justify an investigatory stop. State v. Johnson (1995), 105 Ohio App.3d 37; Drogi, supra;State v. Gullett (1992), 78 Ohio App.3d 138. In Drogi, this court held that insubstantial drifts across lane lines did not give rise to reasonable and articulable suspicion sufficient to outweigh a citizen's right to privacy. However, Drogi and its progeny can be distinguished from the case at hand in that appellant's failure to operate his vehicle within the marked lanes was more than a momentary lapse or a de minimis marked lanes violation.
As previously stated, appellant left an establishment which was primarily a bar. Appellant proceeded to make two wide turns, drove one tire width over the center line for the duration of his journey down two streets and continually traveled well below the posted speed limit. Given the totality of the circumstances, Patrolman Hancock clearly had sufficient reasonable and articulable suspicion to stop and detain appellant. As such, appellant's arguments in this regard are not well-taken. Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "There was insufficient evidence presented at trial to support a conviction for driving under the influence."
Appellant alleges that the only evidence supporting his conviction in this case was his poor performance on the field sobriety tests. Appellant claims that the horizontal gaze nystagmus test was inadmissible to establish that he was driving under the influence and the fingertip-count test was not approved by the National Highway Traffic Safety Administration as a means of testing for driving under the influence. Further, appellant maintains that the results of the heel-toe test offered insufficient evidence as he testified that his physical problems caused his poor performance. Therefore, appellant argues that any rational trier-of-fact, after reviewing the evidence in a light most favorable to the prosecution, could not have found the essential elements of DUI proven beyond a reasonable doubt.
Sufficiency of the evidence is the legal standard applied to determine whether a case may go to the fact-finder or whether the evidence is legally sufficient as a matter of law to support a conviction. State v. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a conviction is a question of law.Thompkins, supra. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, supra, at 113.
In State v. Applegarth (1996), 114 Ohio App.3d 666, this court held that there was sufficient evidence to support a conviction on a DUI charge where the driver crossed over the center line on at least three separate occasions, smelled strongly of alcohol, had red eyes and slurred speech at the time he was pulled over by a highway patrol officer.
A complete review of the record in the case at bar reveals that there was sufficient, competent and credible evidence to support the trial court's finding that appellant was guilty beyond a reasonable doubt of operating his vehicle while under the influence of alcohol. Appellant never traveled completely within his own lane during the entire time in question. Appellant smelled strongly of alcohol, his eyes were blood shot, his speech was slurred and he performed poorly on various field sobriety tests.
Although appellant testified that his red eyes, slurred speech and poor performances on the field sobriety tests were due to a medical condition, it was within the purview of the trial court, as the trier-of-fact, to believe one witness more than another. The trial court was in the best position to assess the credibility of the witnesses and to determine the weight to be afforded the evidence offered. State v. DeHass (1967), 10 Ohio St.2d 230.
Therefore, the trial court had before it sufficient evidence from which to find that the essential elements of driving under the influence were proven beyond a reasonable doubt.
Appellant's second assignment of error is found to be without merit.
Appellant's third assignment of error alleges:
 "Evidence of Defendant's refusal to take the breath test should not have been considered by the trial court where the Defendant requested the right to consult with an attorney.
Appellant argues that because appellee did not adequately establish the manner in which he was given the opportunity to consult an attorney, evidence that he refused to take the breath test should not have been considered by the trial court. Appellant specifically contends Patrolman Hancock's testimony that he gave appellant the opportunity to have an attorney present was insufficient because Patrolman Hancock failed to state the means by which appellant was afforded the right to contact an attorney. Therefore, appellant argues that he was denied his right to due process because he was not permitted to consult with an attorney prior to the administration of the breath test.
It must be noted that appellant did not object to the testimony presented at trial regarding his refusal to take the breath test. The Ohio Supreme Court has consistently held that an appellate court need not consider an error which the complaining party could have called, but did not call, to the trial court's attention at such time when the alleged error could have been corrected. (See State v. Peagler (1996), 76 Ohio St.3d 496, 499) Additionally, appellant did not attempt to suppress the evidence of his refusal to take the breath test through any motion, pretrial or otherwise. Therefore, this court need not address appellant's argument under this assignment of error. However, even in considering same, appellant's argument must nonetheless fail.
In State v. Lloyd (1998), 126 Ohio App.3d 95, 107-108, this court stated, in relevant part:
 "* * * In Dobbins v. Ohio Bur. of Motor Vehicles (1996), 75 Ohio St.3d 533, 537, * * * the Supreme Court of Ohio followed its decision in McNulty v. Curry (1975), 42 Ohio St.2d 341, * * * and held that "the right to counsel associated with the protection against self-incrimination contained in the Fifth Amendment to the United States Constitution, or as guaranteed by the Sixth Amendment, does not apply to the stage at which the officer requested the chemical test for alcohol content.' The United States Supreme Court has held that the Sixth Amendment right to counsel for criminal defense applies only to the "critical stages' of criminal proceedings. * * * A breath — or blood-alcohol test is merely a preparatory stage of the prosecution and is not considered a critical stage at which the Sixth Amendment right to counsel would attach. Dobbins, 75 Ohio St.3d at 537, * * * citing McNulty, 42 Ohio St.2d at 344, * * * Furthermore, in Nyflot v. Minnesota Commr. of Pub. Safety (1985), 474 U.S. 1027, 1029, * * * the United States Supreme Court rejected a petitioner's argument that the Sixth Amendment right to counsel attaches prior to taking an breath-alcohol test."
However, appellant does have a statutory right to counsel upon arrest, detention or being taken into custody pursuant to R.C.2935.20, which goes beyond the right to counsel guaranteed by the state and federal constitutions. McNulty, supra. R.C. 2935.20
states, in pertinent part:
 "After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state * * *." (Emphasis added).
In the case at bar, Patrolman Hancock testified that appellant was told there was no public defender available, however, if appellant wished to contact an attorney, he was free to do so. Appellant did not dispute Patrolman Hancock's statement, but indicated during his testimony that he expected the police to obtain an attorney for him. R.C. 2935.20 states that a person in custody has the right to contact, and is to be given facilities to contact, an attorney. R.C. 2935.20 does not state that police officials are required to obtain an attorney for a subject under arrest or otherwise in detention. Further, Patrolman Hancock testified that he afforded appellant an opportunity to contact an attorney. Appellant did not deny this fact. Therefore, Patrolman Hancock properly complied with R.C. 2935.20.
Appellant's third assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., Waite, J., concurs.
APPROVED:
 _________________________________ EDWARD A. COX, PRESIDING JUDGE