OPINION
{¶ 1} Defendant-Appellant Charles Lee Bell appeals his conviction by a jury on one count of possession of crack cocaine entered in the Guernsey County Court of Common Pleas.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} At approximately 1:00 a.m. on May 27, 2004, Officers Milam and Willams from the Cambridge Police Department stopped Appellant's vehicle after witnessing such vehicle driving erratically, speeding and swerving from one side of the road to the other. The officers approached Appellant's stopped vehicle and observed Appellant attempting to put a crack pipe in his sock. The officers then asked Appellant to step out of the vehicle, placed him in handcuffs and searched his person. Appellant was then read his Miranda rights. The officers observed that Appellant eyes were bloodshot and glassy and that he had an odor of alcohol about his person. The officers also observed beer cans in Appellant's vehicle.
 {¶ 4} Upon searching Appellant's vehicle, the officers found the crack pipe on the driver's side floor, which was loaded and ready to smoke. The officers also located a rock of crack cocaine in the console area.
 {¶ 5} On June 6, 2004, Appellant was again stopped by the Cambridge Police Department because Officer Williams recognized him from his stop the previous week, wherein Appellant had refused a DUI breath test and was now driving under a license suspension. Upon approaching the vehicle, the officers noticed an odor of intoxicant on Appellant and asked him to perform field sobriety tests. Appellant did poorly on the HGN and one-leg stand tests. Appellant was then placed into custody and arrested for OMVI. As Appellant's vehicle was in a no parking zone, and was parked three to four feet from the curb, the officers inventoried the vehicle in preparation of having it towed. Upon doing such inventory, the officer found a small piece of what he believed to be crack cocaine laying out in the open on the center console.
 {¶ 6} On June 16, 2004, the Guernsey County Grand Jury indicted Appellant Charles Lee Bell on two counts of possession of crack cocaine, fifth degree felonies.
 {¶ 7} On June 28, 2004, an arraignment was held wherein Appellant entered pleas of not guilty to said charges.
 {¶ 8} After being represented by both a private attorney and then an assistant public defender, Appellant chose to represent himself.
 {¶ 9} The matter ultimately was tried before a jury on March 22, 2005, with the jury returning a verdict of guilty on one count of possession of crack cocaine and not guilty on the second count.
 {¶ 10} The trial court ordered a pre-sentence investigation and set sentencing for March 29, 2005.
 {¶ 11} On March 29, 2005, the trial court sentenced Appellant to eleven (11) months incarceration.
 {¶ 12} Upon Appellant's request, an appeal bond was granted and posted.
 {¶ 13} Appellant now appeals his conviction.
 {¶ 14} Appellant's brief does not contain separate arguments with respect to each assignment of error presented; therefore, it is not in compliance App. R. 16(A)(7), nor does it comply with the other provisions of App.R. 16, which requires the following:
 {¶ 15} "(A) Brief of the appellant
 {¶ 16} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 {¶ 17} "(1) A table of contents, with page references.
 {¶ 18} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 {¶ 19} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 {¶ 20} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 {¶ 21} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 {¶ 22} "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 {¶ 23} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 {¶ 24} "(8) A conclusion briefly stating the precise relief sought."
 {¶ 25} Notwithstanding Appellant's lack of compliance with the Appellate Rules, we shall review appellant's arguments. Since appellant has failed to set forth separate assignments of error as such, we cannot list them in seriatim fashion as we normally do. However, we shall review his `assignments of error' which are actually arguments containing the contentions of appellant. We discuss these arguments in the order presented by appellant.
 I. {¶ 26} In his first argument, Appellant claims that he was denied his right to counsel when he was asked to submit to a chemical test.
 {¶ 27} This Court has previously found that an Appellant's Sixth Amendment rights are not violated when the police do not allow an Appellant to contact an attorney prior to submitting to or refusing a chemical test. See State v. McGill, Fairfield County App. No. 2004-CA-72, 2005-Ohio-2278; State v. Franz,
Knox County App. 04CA13, 2004-Ohio-1755.
 {¶ 28} In Dobbins v. Ohio Bureau of Motor Vehicles (1996),75 Ohio St.3d 533, 1996-Ohio-454, 664 N.E.2d 908, the Ohio Supreme Court found the right to counsel does not apply to the stage at which an officer requests a chemical test for alcohol content. The court found although most people would prefer to make the choice of whether to submit to a blood-alcohol content test with the advice of an attorney, the implied consent is a civil matter, and criminal protections do not apply.
 {¶ 29} This `assignment of error' is denied.
 II. {¶ 30} In his second argument, Appellant claims that his Miranda rights were violated. Specifically, he argues that testimony differed as who told him he was under arrest and when he was placed under arrest and read his rights.
 {¶ 31} Upon review, we find that Appellant was not questioned by the police and therefore it is inconsequential as to exactly when in the time sequence, whether it occurred at the scene or at the hospital, Appellant was advised of his rights. It is further inconsequential whether he was placed under arrest by Officer Milam or Officer Williams.
 {¶ 32} This `assignment of error' is denied.
 III. {¶ 33} In his third argument, Appellant asserts that he was denied his right to confront his accuser at his preliminary hearing. Specifically, Appellant assigns error to the fact that Officer Williams did not testify at the preliminary hearing.
 {¶ 34} A careful reading of the Confrontation Clause cases reveals that a constitutional issue is normally only raised when the prior testimony or statement of an unavailable witness is used at a subsequent trial as substantive evidence of guilt of a defendant. See Ohio v. Roberts (1980), 448 U.S. 56,100 S.Ct. 2531, 65 L.Ed.2d 597. In the case sub judice, the preliminary hearing testimony was not used at trial and Officer Williams was present for and did testify at trial.
 {¶ 35} This `assignment of error' is denied.
 IV. {¶ 36} Appellant also seems to argue that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 37} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 38} In the case sub judice, Appellant was charged and convicted of possession of crack cocaine, in violation of R.C.2925.11(C)(4)(a), which states, in pertinent part:
 {¶ 39} "R.C. 2925.11 Drug possession offense
 {¶ 40} "(A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 41} "* * *
 {¶ 42} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 43} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 44} "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
 {¶ 45} At trial, the jury heard testimony from the arresting Officers Milam, Williams and Baker, who testified as to each stop, search and arrest of Appellant; Michelle Anderson and James Smith, forensic scientists with the Ohio Bureau of Criminal Identification and Investigation, who testified that the substances confiscated from Appellant's vehicle were crack cocaine; and, Det. Abel, who testified as to the chain of custody, and Nick Smith, the probation officer who performed Appellant's urine test.
 {¶ 46} The Defense did not call any witnesses nor present any evidence.
 {¶ 47} As stated above, the jury is in a better position to observe the witnesses' demeanor and weigh their credibility, and we will not substitute our judgment on appeal. Therefore, upon review of the record, we find there was sufficient, competent and credible evidence to prove appellant's guilt beyond a reasonable doubt under the totality of the circumstances.
 {¶ 48} Appellant's final assignment of error is overruled.
 {¶ 49} The judgment of the Guernsey County Court of Common Pleas is affirmed.
Boggins, P.J. Hoffman, J., and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Guernsey County, Ohio, is affirmed. Costs assessed to Appellant.