[Cite as *Smith v. Simkanin*, 2011-Ohio-6123.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BRIAN SMITH, | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant, | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| v. | Case No. 2011 CA 00045 |
| RACHEL SIMKANIN, | |
| Defendant-Appellee. | O P I N I O N |


CHARACTER OF PROCEEDING:   Civil Appeal from the Court of Common
                    Pelas, Case No. 2010 CV 00413


JUDGMENT:             Affirmed


DATE OF JUDGMENT ENTRY:   November 28, 2011


APPEARANCES:

For Plaintiff-Appellant        For Defendant-Appellee

PAUL R. GARLOCK        ANNE M. MARKOWSKI
STANLEY R. RUBIN        WILLIAMS, MOLITERNO & SCULLY
437 Market Avenue North      2241 Pinnacle Parkway
Canton, Ohio  44702        Twinsburg, Ohio  44087

*Wise, J.*

{¶ 1} Plaintiff-Appellant Brian Smith appeals the decision of the Court of Common Pleas, Stark County, which denied his motion for judgment notwithstanding the verdict and/or motion for a new trial following a jury trial in a personal injury action against Defendant-Appellee Rachel Simkanin. The relevant facts leading to this appeal are as follows.

{¶ 2} On October 21, 2009, appellant and appellee were involved in a motor vehicle collision on Cleveland Avenue in Lake Township, Stark County, Ohio, during which appellant's vehicle was struck from the rear by appellee's vehicle. Uniontown law enforcement officers investigated the accident, following which appellant drove his car home. However, later in the day, appellant began experiencing neck and back pain and thereupon drove himself to the Aultman Hospital Emergency Room. He was examined by Geneiso Serri, M.D., who found spasms in the paraspinous musculature of the cervical spine. After his emergency room examination, appellant was given two prescriptions for medication, which he subsequently took as directed. Appellant was also treated thereafter by Prasanna Soni, M.D., an orthopedic specialist, and John Pinghero, D.C., a chiropractor.

{¶ 3} On February 2, 2010, appellant filed a personal injury lawsuit against appellee in the Stark County Court of Common Pleas. The matter proceeded to a one-day trial on February 1, 2011. Appellee admitted negligence in causing the motor vehicle collision, but contested proximate cause and appellant's injury claim. Appellant

testified on his own behalf. Appellant also provided the testimony of Dr. Soni via videodisk.[1] The defense did not call any witnesses.

{¶ 4} The jury received the case to begin deliberations at about 3:30 PM on the day of trial. The jury informed the court it had reached a verdict about thirty minutes later. The jury found that appellee's negligence was the proximate cause of injury to appellant. The jury also awarded appellant the emergency department bill of $380.00, but it awarded no compensation for the other medical bills[2] and nothing for pain and suffering or any other noneconomic loss.

{¶ 5} Appellant thereafter filed a motion for a new trial and/or judgment notwithstanding the verdict ("JNOV"). Appellee filed a response opposing said motion. On March 2, 2011, the trial court issued a judgment entry denying appellant's motion.

{¶ 6} On March 4, 2011, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶ 7} "I. THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCRETION TO THE PREJUDICE OF THE PLAINTIFF IN DENYING THE PLAINTIFF'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT PURSUANT TO CIV.R. 50(B) OR IN THE ALTERNATIVE A NEW TRIAL PURSUANT TO CIV. R. 59(A) OF THE OHIO RULES OF CIVIL PROCEDURE."

---

[1] Although the briefs make reference to a written transcript of Dr. Soni's video testimony, we have not located a copy thereof in the record. However, the Court has been able to view the video disk itself.
[2] Appellant had presented, inter alia, orthopedic and chiropractic bills of $3,960.00 and $4,025.00, respectively. See Plaintiff's Exhibit I.

I.

{¶ 8} In his sole Assignment of Error, appellant argues the trial court erred in denying his motion for judgment notwithstanding the verdict ("JNOV") and/or a new trial. We disagree.

{¶ 9} Civ.R. 50(B) addresses motions for judgment notwithstanding the verdict as follows:

{¶ 10} "Whether or not a motion to direct a verdict has been made or overruled and not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion; or if a verdict was not returned such party, within fourteen days after the jury has been discharged, may move for judgment in accordance with his motion. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. ***."

{¶ 11} The standard for granting a motion for judgment notwithstanding the verdict or in the alternative for a new trial pursuant to Civ.R. 50(B) is the same as that for granting a motion for a directed verdict pursuant to Civ.R. 50(A). *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 679, 693 N.E.2d 271, 1998-Ohio-602. Thus, JNOV is proper if upon viewing the evidence in a light most favorable to the nonmoving party and presuming any doubt to favor the nonmoving party, reasonable minds could come to but one conclusion, that being in favor of the moving party. *Wagoner v. Obert*, 180 Ohio App.3d 387, 401-402, 905 N.E.2d 694, 2008-Ohio-7041, citing *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.,* 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 3. "Neither the weight of the evidence nor the credibility

of the witnesses is for the [trial] court's determination in ruling upon [a JNOV]." *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 504 N.E.2d 19, quoting *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 275, 74 O.O.2d 427, 344 N.E.2d 334. When a trial court rules on a JNOV motion, all of the evidence introduced at trial is available for the trial court's consideration. *Beaston v. Slingwine*, Seneca App.No. 13-03-04, 2004-Ohio-924, ¶ 13, citing *Osler*, supra, at 347.

{¶ 12} The decision to grant or deny a Civ.R. 50(B) motion for JNOV is reviewed de novo by an appellate court. *Wagoner*, supra, at 401, citing *Osler*, supra, at 347.

{¶ 13} In addition, Civ.R. 59(A) states in pertinent part as follows:

{¶ 14} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶ 15} " ***

{¶ 16} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

{¶ 17} " ***

{¶ 18} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

{¶ 19} " ***

{¶ 20} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown. *** "

{¶ 21} Our standard of appellate review on a motion for new trial is abuse of discretion. *Anthony v. Hunt* (Feb. 9, 1998), Stark App. No.1997CA00170. In order to find

an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, in reviewing a decision on a motion for new trial, an appellate court must view the evidence in a light most favorable to the trial court's decision, rather than in favor of the nonmoving party. See *Jenkins v. Krieger* (1981), 67 Ohio St.2d 314, 320, 423 N.E.2d 856. In regard to the language of Civ.R. 59(A)(4), the mere size of the verdict is insufficient to establish proof of passion or prejudice. See *Chambers v. Jenkins*, Stark App.No. 2007CA00131, 2008-Ohio-638, ¶ 44.

{¶ 22} In essence, appellant in the case sub judice maintains that the jury's $380.00 verdict cannot be reconciled with what he claims is undisputed medical evidence at trial, and therefore Civ.R. 50(B) or Civ.R. 59(A) relief should have been granted to him. Appellant maintains the evidence presented to the jury was that his medical complaints were consistent with the type of motor vehicle collision described and that he obtained reasonable and appropriate treatment with health care providers therefore, all of which concluded less than six months after the collision.

{¶ 23} The record reveals that at his first visit, Dr. Soni gave appellant trigger-point injections in his neck, mid-back and low back. Additional prescriptions were prescribed which appellant subsequently took as directed. Tr. at 138-139. Dr. Soni referred appellant to John Pinghero, D.C. for physical therapy. Soni Tr. at 15. As directed, appellant began treatment with Dr. Pinghero on November 11, 2009. Tr. at 139. During the first visit, Dr. Pinghero also found muscle spasms. Appellant received

various types of treatment from the chiropractor, including electric stimulation, heat pads and traction.  Tr. at 139-140.

{¶ 24} On December 14, 2009, appellant returned to Dr. Soni for a second office visit.  Tr. at 140.  At that time, Dr. Soni gave appellant a second set of trigger point injections in the same areas as before.  Id.  Dr. Soni gave appellant exercises to do at home, which he did as directed.  Tr. at 141-142.  He directed appellant to continue with his therapy with Dr. Pinghero, which he did.

{¶ 25} On January 8, 2010, appellant made a third office visit to Dr. Soni. Tr. at 142-143.  At this time, appellant reported he had made improvement, but still had some pain.  Dr. Soni released the patient from his care, but instructed him to continue with therapy until released by Dr. Pinghero.  Soni Tr. at 17.  Appellant continued the therapy as instructed until he was released by Dr. Pinghero on April 9, 2010. At that time, appellant had returned to "feeling normal."  Tr. at 146.

{¶ 26} Appellant reiterates that Drs. Serri, Soni and Pinghero all found muscle spasms upon examining appellant.  Dr. Soni testified that spasms are objective signs of injury:

{¶ 27} "Q. Doctor, would you explain to the jury what spasms are?

{¶ 28} "Okay. A spasm is like when a muscle contracts without the owner of the muscle or the person trying to contract it.  In other words, if I go like this, I am doing it voluntarily.  So this is not a spasm.  But if I don't want to do that and my hand goes like this, that means I'm having spasm of these muscles over here. (Indicating)

{¶ 29} "Q. Okay. Is there any way a person can fake that?

{¶ 30} "A.  No."  Soni Tr. at 10.

**{¶ 31}** The defense did not have any medical testimony to contest this statement and did not significantly cross-examine Dr. Soni on the issue. Appellant thus proposes that the evidence does not indicate the spasms were caused by any other incident than the automobile collision.

**{¶ 32}** However, triers of fact are not required to accept evidence simply because it is uncontroverted, unimpeached, or unchallenged. See *Ace Steel Baling, Inc. v. Porterfield* (1969), 19 Ohio St.2d 137, 138, 249 N.E.2d 892. As the Ninth District Court of Appeals has aptly recognized: "Expert medical testimony is admissible *only* to assist the jury in determining the ultimate facts of the case. *** The plaintiff still bears the burden of persuasion. As long as there are objectively discernable reasons why the jury may have rejected the expert medical testimony, an award less than what the 'uncontroverted' medical evidence implies may withstand challenge on appeal. ***." *Dottavio v. Shepherd* (Dec. 1, 1999), Summit App.No. 98CA0042, 1999 WL 1140873 (emphasis in original). Likewise, a jury has the responsibility to determine the credibility of witnesses, including experts, and may accept all or any part of their testimony. *State v. Lovsey*, Fairfield App.No. 03-CA-1, 2004-Ohio-2112, ¶ 53, citing *State v. Jamison* (1990), 49 Ohio St.3d 182.

**{¶ 33}** In the case sub judice, Dr. Soni conceded that he had not reviewed the police reports of the accident and thus did not articulate the full mechanism of the resultant injuries to appellant. Dr. Soni also questioned the emergency room record provided by appellant that stated appellant was not in acute distress when he reported to Aultman Hospital. Dr. Soni also admitted he had not reviewed the records and notes of appellant's chiropractic treatment by Dr. Pinghero as the treatment progressed,

stating: "You know, you'd never have any work done if you were just reviewing everybody's notes all day long." Soni Tr. at 45. Upon review, we find the jury may simply have reasonably questioned the severity of the impact and the bases for Dr. Soni's opinions as to the reasonableness and necessity of appellant's follow-up orthopedic and chiropractic treatment. In light of these discernable reasons supporting the apparent rejection of Dr. Soni's expert conclusions by the jury, we are unable to disturb the trial court's denial of appellant's JNOV/New Trial motion.

**{¶ 34}** Appellant additionally points out that the trial took place in the midst of a severe winter storm in Stark County, apparently suggesting that the worsening conditions hurried or disrupted the jury's decision-making process. He notes the trial judge made three separate references concerning the severe weather to the jury (Tr. at 86, 87-88) and at time of the lunch break instructed the jurors: "Ladies and gentlemen, in light of the weather conditions I'm going to instruct you not to get in your cars, not to leave the downtown area for your lunch." Tr. at 120. Appellant also contends appellee's trial defense counsel, even though arguing that appellee did not proximately cause the injuries, made an admission of compensable pain and suffering during her closing argument, when she told the jury: "The total of those bills is approximately--is $380. Adding in another nominal amount for pain and suffering, and I submit to you that a reasonable amount to award the Plaintiff is approximately a thousand dollars." Tr. at 196.

**{¶ 35}** Nonetheless, we remain unpersuaded by these additional arguments that the denial of appellant's JNOV/New Trial motion constituted reversible error.

**{¶ 36}** Finally, appellant makes a generalized "manifest weight" argument concerning the jury's verdict. "A civil judgment which is supported by competent and credible evidence may not be reversed as against the manifest weight of the evidence." *State v. McGill*, Fairfield App.No. 2004-CA-72, 2005-Ohio-2278, ¶ 18. Based on our previous analysis herein, we are unpersuaded that the jury's verdict was against the manifest weight of the evidence.

**{¶ 37}** Appellant's sole Assignment of Error is overruled.

**{¶ 38}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, J., and Hoffman, P. J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BRIAN SMITH,                                    :
                                               :
    Plaintiff-Appellant,             :
                                               :
v.                                             :          JUDGMENT ENTRY
                                               :
RACHEL SIMKANIN,                               :
                                               :
    Defendant-Appellee.              :          Case No. 2011 CA 00045

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

Costs assessed to appellant.

                                          _____

                                          _____

                                          _____

                                                JUDGES